# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STACY ANN PATTERSON,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:05-2549** |
| v. | : | |
| **PA OFFICE OF INSPECTOR GENERAL**[2], | : | **(MANNION, J.**[1]**)** |
| | : | |
| **Defendant** | : | |
| | : | |

# MEMORANDUM AND ORDER

Presently pending before the court is the defendant's motion to dismiss the plaintiff's complaint. (Doc. No. 16). Based upon the court's review of the

---

[1]The court notes that this action was originally assigned to Judge Conner and referred to the undersigned for consideration of all pre-trial matters. In the Joint Case Management Plan filed by the parties on June 6, 2006, the parties indicated that they consented to the jurisdiction of a magistrate judge, with the election of Harrisburg as a desired location. (Doc. No. 20). As a result, by order dated June 7, 2006, the case was reassigned to Judge Smyser. (Doc. No. 21). However, by correspondence filed on June 13, 2006, the plaintiff indicated that she did not consciously join in the request to have the case assigned to the Harrisburg judge and, instead, requested that the matter be reassigned to the undersigned. (Doc. No. 23). The defendant did not object to the requested reassignment. (Doc. No. 28). As a result, the matter was reassigned to the undersigned by order of Judge Smyser dated July 24, 2006. (Doc. No. 27).

[2]In a Joint Case Management Plan filed with the court on June 6, 2006, the plaintiff indicated that she intended to join "John Zerance" and "Joseph Koshinskie" as parties to this action. (Doc. No. 20). However, as of this date, the plaintiff has not sought to amend her complaint to include these individuals, nor does the record reflect that either of these individuals has been served.

record in this action, the defendant's motion will be granted.

By way of background, on December 8, 2005, the plaintiff, proceeding *pro se*, commenced this action pursuant to the Americans With Disabilities Act, ("ADA"), 42 U.S.C. §12101, *et seq.* (Doc. No. 1).

By order dated April 4, 2006, (Doc. No. 12), the court granted the defendant's unopposed motion for a more definite statement, (Doc. No. 10), and directed the plaintiff to file an amended complaint. Subsequently, the court learned that the plaintiff had, in fact, filed a document in response to the defendants' motion on March 30, 2006, but it was not entered on the docket in this matter until April 4, 2006. (Doc. No. 13). Upon review, the court noted that the plaintiff's filing failed to cure the deficiencies of her complaint, as set forth in the court's April 4, 2006, order. As a result, by order dated April 6, 2004, the plaintiff was again directed to file an amended complaint. (Doc. No. 14).

On April 21, 2006, the plaintiff filed an amended complaint listing the Pennsylvania Human Relations Act, ("PHRA"), 43 PA.STAT.ANN. §§951-963 (West 2003), as the basis for her claim. The only named defendant in the amended complaint is the Commonwealth of Pennsylvania, Office of Inspector General. (Doc. No. 15).

On May 8, 2006, the defendant filed the instant motion to dismiss the plaintiff's complaint, (Doc. No. 16), along with a brief in support thereof, (Doc. No. 17). The plaintiff filed a brief in opposition to the defendant's motion on

May 22, 2006.  (Doc. No. 18).

Defendant's motion to dismiss is brought pursuant to provisions of Fed.R.Civ.P. 12(b)(6).  This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can granted.  Dismissal should only occur where it appears that the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Accordingly, dismissal is appropriate "only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint."  Trump Hotel and Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998)(citing ALA, Inc. v. CCair, Inc., 29 F.3d 855, 859 (3d Cir. 1994)).

In deciding a motion to dismiss, a court should generally consider only the allegations contained in the complaint, the exhibits attached to the complaint, matters of public record, and "undisputably authentic" documents which plaintiff has identified as the basis of his claim.  See Pension Benefit Guarantee Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

It must also be remembered that when considering a motion to dismiss under Rule 12(b)(6), the important inquiry is not whether the plaintiff will ultimately prevail on the merits of his claim, but only whether [s]he is entitled

3

to offer evidence in support of them. <u>Scheuer v. Rhodes</u>, 416 U.S. 233, 236 (1974).

In it's motion to dismiss, the defendant argues that it is immune from suit under the Eleventh Amendment. (Doc. No. 17, pp. 3-4). With respect to this argument, as a Commonwealth agency, the Office of Inspector General possess immunity in federal court for claims under the PHRA. <u>Williams v. Pennsylvania State Police Bureau of Liquor Control Enforcement</u>, 108 F.Supp.2d 460, 465 (E.D.Pa.2000). Pennsylvania has, however, waived sovereign immunity <u>in</u> <u>its</u> <u>own</u> <u>courts</u> under the PHRA. <u>Mansfield State College v. Kovich</u>, 407 A.2d 1387, 1388 (Pa. Cmwlth. 1979). It has not, however, waived Eleventh Amendment immunity from suit in federal court under the PHRA. <u>Dennison v. Pennsylvania Dept. of Corrections</u>, 268 F.Supp.2d 387, 405 (M.D.Pa.,2003)(citing <u>Irizarry v. Commonwealth</u>, 1999 WL 269917, at *4 (E.D.Pa. Apr.19, 1999)). Therefore, the court will grant the defendant's motion to dismiss the plaintiff's complaint[3].

---

[3]Although not alleged in her amended complaint, in other documents before the court, the plaintiff alleges violations of her Fifth and Fourteenth Amendment rights by the defendant. To this extent, the plaintiff's claims would be brought pursuant to 42 U.S.C. §1983, and would also be barred by Eleventh Amendment immunity. Federal courts can not consider suits by private parties against states and their agencies unless the state has consented to the filing of such a suit. <u>Atascadero State Hospital v. Scanlon</u>, 473 U.S. 234, 241 (1985); <u>Edelman v. Jordan</u>, 415 U.S. 651, 662 (1974). This immunity extends to suits asserting civil rights violations where the state is named as a defendant. <u>Laskaris v. Thornburgh</u>, 661 F.2d 23, 26 (3d
(continued...)

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

(1). the defendant's motion to dismiss the plaintiff's amended complaint, **(Doc. No. 16)**, is **GRANTED** without prejudice to her ability to refile the action in state court, if appropriate.

(2). the clerk is directed to close this case.

S/ Malachy E. Mannion
**MALACHY E. MANNION
United States Magistrate Judge**

**Date:** August 23, 2006

O:\shared\Memorandums\2005 MEMORADUMS\05-2549.01.wpd

---

[3](...continued) Cir.1981). "Under the Eleventh Amendment, a plaintiff other than the United States or a state may not sue a state in federal court without the latter state's consent unless Congress abrogates the state's Eleventh Amendment immunity pursuant to a constitutional provision granting Congress that power." Chittister v. Dep't. of Community & Economic Dev., 226 F.3d 223, 226 (3d Cir.2000). The Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment. "By statute Pennsylvania has specifically withheld consent [to be sued]." Laskaris, 661 F.2d at 25 (citing PA. CONS.STAT. ANN. §§8521(b)). Additionally, §1983 does not abrogate the Eleventh Amendment. Quern v. Jordan, 440 U.S. 332, 345 (1979). Further, an essential element of any claim under §1983 is that the alleged wrongdoing was committed by a "person." 42 U.S.C. §1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under §1983." Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989).